UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRADLEY YOUNG,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:20-cv-887<br><br>Black, J.<br>Bowman, M.J.<br><br>**ORDER AND REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner has also filed a motion to supplement his petition (Doc. 3), which is hereby **GRANTED**. This matter is before the Court on the petition, as supplemented, the return of writ, and petitioner's reply. (Doc. 1, 3, 5, 7).

For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

I. PROCEDURAL HISTORY

### State Trial Proceedings

On December 10, 2015, the Butler County, Ohio, grand jury returned an indictment charging petitioner with murder, involuntary manslaughter, and two counts of endangering children. (Doc. 4, Ex. 1).[1] Petitioner entered a plea of not guilty to the charges in the indictment.

On October 4, 2016, following a jury trial, petitioner was found guilty as charged in the

---

[1] The indictment also charged Rebekah Kinner with involuntary manslaughter, endangering children, and permitting child abuse. (*See* Doc. 4, Ex. 1). Prior to trial, through counsel, petitioner moved to exclude Kinner's testimony on the ground that she was incompetent to testify. (Doc. 4, Ex. 2). The trial court denied the motion. (Doc. 4, Ex. 4). Petitioner also moved to dismiss the charges against him, which was denied. (Doc. 4, Ex. 5, 7).

indictment. (Doc. 4, Ex. 8). On October 6, 2016, petitioner was sentenced to an indefinite prison term of 15-years-to-life in the Ohio Department of Corrections. (Doc. 4, Ex. 9).

Petitioner, through new counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 4, Ex. 10). Petitioner raised the following four assignments of error:

1. The trial court erred by overruling Young's challenge to Juror 883 for cause.

2. Rebekah's testimony was inadmissible under Evid.R. 601(A), R.C. 2317.01, and due process because she was incapable of relating truthful facts.

3. The trial court erred in failing to strike Rebekah's statements to responders and officers at the scene.

4. The defendant's felony murder and predicate child-endangering convictions were against the manifest weight of the evidence and there was insufficient evidence to prove that he recklessly abused Kinsley and proximately caused her death.

(Doc. 4, Ex. 11). On February 26, 2018, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 4, Ex. 14). Petitioner, through counsel, filed a motion for reconsideration and a motion to certify a conflict. (Doc. 4, Ex. 15, 16). The Ohio appeals court denied both motions on May 3, 2018. (Doc. 4, Ex. 18, 19).

On June 7, 2018, petitioner, through counsel, filed a timely notice of appeal in the Ohio Supreme Court. (Doc. 4, Ex. 20). In his memorandum in support of jurisdiction, petitioner raised the following four propositions of law:

1. R.C. 2961.01(A)(1) disqualifies an out-of-state felon from Ohio jury service.

2. A waived argument on appeal is unreviewable.

3. A trial court errs by failing to dismiss a felon juror challenged for cause, and that error is preserved regardless of peremptory exhaustion.

4. Even if a jury is instructed to ignore incompetent evidence it has heard, a

> reviewing court must measure the impact the incompetent evidence had on the verdict to determine prejudice.

(Doc. 4, Ex. 21). On August 1, 2018, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 4, Ex. 23).

## Federal Habeas Corpus

On October 29, 2020, petitioner commenced the instant federal habeas corpus action.[2] (*See* Doc. 1 at PageID 15). Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**: Conviction based on constitutionally insufficient evidence not supported by manifest weight violating 5th and 14th amends.
>
> **Supporting Facts**: There is no physical evidence tying this petitioner to any murder whatsoever. The only inculpating testimony was given by a witness deemed incompetent by the courts but no mistrial was granted exposing the jury to prejudicial evidence and depriving this petitioner of a fair trial and the due process of law.
>
> **GROUND TWO**: Improper ruling by the trial court in not striking juror who was ineligible violating 5th and 14th Amends.
>
> **Supporting Facts**: Trial court deprived this petitioner of a fair trial and the due process of law by allowing a juror to remain seated who was ineligible for duty due to felony conviction.
>
> **GROUND THREE**: The trial court deprived this petitioner of a fair trial and due process of law allowing prejudicial testimony from incompetent witness 5th and 14th amends.
>
> **Supporting Facts**: In this case, the alleged co-defendant was allowed to give testimony to the jury without first a competency hearing. After it became obvious she was incompetent, defense counsel moved for a hearing in which she was found incompetent. The Judge, rather than declare a mistrial, the judge simply asked the

---

[2] The petition was filed with the Court on November 4, 2020. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on October 29, 2020. (*See* Doc. 1 at PageID 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on October 29, 2020.

> jury to disregard all the witness had said which even the judge admitted was impossible. This violated this petitioner's constitutional right to a fair trial and due process of law.
>
> **GROUND FOUR**: Trial court allowed prejudicial hearsay testimony from incompetent witness violating 5th and 14th Amendments.
>
> **Supporting Facts**: A witness for the state was deemed incompetent and as such all statements made to responders and her initial statements should have also been struck since her testimony was struck as hearsay but was not depriving this petitioner of a fair trial and the due process of law. to prejudicial evidence and depriving this petitioner of a fair trial and the due process of law.

(Doc. 1).

Respondent has filed a return of writ in opposition to the petition. (Doc. 5). According to respondent petitioner's grounds for relief are time-barred, procedurally defaulted, and/or without merit. Petitioner has filed a response to the return of writ. With regard to the timeliness of the petition, petitioner argues that his appellate counsel failed to inform him of federal habeas corpus or the applicable limitations period. (*See* Doc. 7).

## II. RESPONDENT'S MOTION SHOULD BE GRANTED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

4

>the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on October 30, 2018, when the ninety-day period expired for filing a petition for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's August 1, 2018 entry declining jurisdiction to hear petitioner's appeal. See *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007) (citing *Clay v. United States,* 537 U.S. 522, 527-28 (2003), as support for the conclusion that in contrast to the tolling provision set forth in 28 U.S.C. § 2244(d)(2), "direct review" for purposes of determining

5

finality under § 2244(d)(1)(A) includes the time for seeking review in the United States Supreme Court). The statute commenced running on October 31, 2018, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 31, 2019, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case, as petitioner did not file any applications for post-conviction relief or collateral review during the limitations period.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In the petition, petitioner claims that the petition should be considered timely due to COVID-19 and the resulting limited law library access. (Doc. 1 at PageID 14). In petitioner's supplement to his petition, petitioner also includes two affidavits—one from himself and one from his father—indicating that petitioner's hired appellate counsel failed to inform him of

7

federal habeas corpus or the applicable statute of limitations. (Doc. 3 at PageID 24, 25). Petitioner avers that he does not have any legal training and would have filed a timely petition had his attorney advised him of the available avenue of relief. (*Id.* at PageID 25-26; Doc. 7 at PageID 728).

Petitioner is not entitled to equitable tolling in this case. As an initial matter and as argued by respondent, petitioner was not prevented from filing a timely habeas petition due to COVID-19-related lockdowns. Petitioner indicates that the prison was on lockdown starting in March 2020. (Doc. 3 at PageID 25). As noted above, the limitations period in this case expired on October 31, 2019.

To the extent that petitioner claims that he is entitled to equitable tolling based on his pro se status or law library access it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient

justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Finally, the fact that petitioner's state court appellate attorney failed to inform him of federal habeas corpus or the applicable limitations period does not amount to an extraordinary circumstance that prevented him from filing a timely habeas petition and, therefore, does not provide a basis for equitable tolling. *See Hunter v. Lazaroff*, Case No. 5:15-cv-1957, 2018 WL 3869583, at *9 (N.D. Ohio Aug. 15, 2018) (rejecting equitable tolling claim based on counsel's failure to advise the petitioner of his right to file a habeas petition); *Granados v. Cook*, Case No. 2:16-cv-879, 2016 WL 4991690, at *2 (S.D. Ohio Sept. 19, 2016) (Report & Recommendation) ("counsel's alleged failure to advise Petitioner of the time limitations for seeking federal habeas corpus does not justify equitable tolling of the statute of limitations).[3] As an initial matter, petitioner does not have a constitutional right to an attorney on federal habeas corpus or on discretionary appeal to the Ohio Supreme Court. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.

---

[3] The undersigned notes that after the Report and Recommendation was initially adopted by the District Court in *Granados*, the adopting Order was vacated. *See Granados v. Warden,* Case No. 2:16-cv-879 (S.D. Ohio Nov. 23, 2016) (Doc. 6). The Court reasoned that the petitioner "alleged facts which, if true, may entitle him to equitable tolling," based on his claim that his inability to understand English prevented him from timely filing. *Id.* at PageID 41. However, the petition was subsequently denied as time-barred upon finding that petitioner had not established that he was entitled to equitable tolling. *Id.* (Docs. 18, 21).

9

2002); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *See also Brown v. U.S.*, 20 F. App'x 373, 375 (6th Cir. 2001) (noting that ineffective assistance of counsel does not establish a basis for equitable tolling in a § 2255 habeas proceeding because the petitioner possessed no right to counsel in that proceeding). *Cf. McClain v. Kelly*, 631 F. App'x 422, 436-37 (6th Cir. 2015) (holding that appellate counsel's failure to inform a petitioner of the time limitation to file a Rule 26(b) application cannot serve as cause for a procedural default because there is no right to counsel at that stage). Furthermore, "[i]nsufficient legal advice is not enough to support equitable tolling in the Sixth Circuit." *Steward v. Moore*, 555 F. Supp.2d 858, 872 (N.D. Ohio 2008) (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)). *Wells v. Harry*, No. 17-1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017) (noting that the Sixth Circuit has repeatedly held that a petitioner's reliance on his attorney is not ground for equitable tolling). *Taylor v. Palmer*, Case No. 2:14-cv-14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 24, 2014) ("The fact that petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling."). In any event, petitioner did not diligently pursue his constitutional rights by remaining unaware of the existence of federal habeas corpus following his state court conviction and sentence. *Holland*, 560 U.S. at 649. Petitioner's conviction and sentence became final on October 31, 2018 and he did not file his petition until October 29, 2020, roughly two years later.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . .

. new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

## IT IS THEREFORE ORDERED THAT:

Petitioner's motion to supplement his petition (Doc. 3) is **GRANTED.**

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

11

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*/s/ Stephanie K. Bowman*
———————————————
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRADLEY YOUNG,
    Petitioner,

vs.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-887

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).