# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BRADLEY YOUNG, | : | Case No. 1:20-cv-887 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**ORDER: (1) DENYING MOTIONS FOR EXTENSION OF TIME (Docs. 11, 13); and (2) DENYING MOTION FOR RELIEF FROM JUDGMENT (Doc. 12)**

This case is before the Court on Petitioner's motion for extension of time to file objections to the Magistrate Judge's Report and Recommendations (Doc. 11)[1] and motion for relief from judgment (Doc. 12), to which the parties have submitted responsive memoranda (Docs. 14, 15).

On June 30, 2021, this Court adopted the Magistrate Judge's Report and Recommendations, dismissed the petition with prejudice because the petition was time-barred, declined to issue a certificate of appealability, denied Petitioner leave to appeal *in forma pauperis*, and terminated the case on the docket of this Court. (Doc. 9). On July 16, 2021, Petitioner filed the instant motions (Docs. 11, 12).

In Petitioner's motion for extension of time to file objections, Petitioner contends that he could not access the library due to COVID-19 protocols in the prison; thus, the

---

[1] The Clerk's office received a second copy of the motion for extension of time (Doc. 13) on August 5, 2021, and postmarked August 3, 2021. For the same reasons, this duplicative motion is also denied.

Court should afford him additional time to object to the Report and Recommendations. (Doc. 11 at 1–2). In Petitioner's motion for relief from judgment, Petitioner contends that the Court should vacate its prior Decision & Entry because: (1) his case should be decided on the merits, not for his failure to timely object or dismissed as time-barred; and (2) he requested an extension of time to submit objections on June 17, 2021, before the deadline to file objections. (Doc. 12 at 1–2). This Court finds neither motion availing.

First, Petitioner's contention that he timely requested an extension of time to file objections is not well-taken. The deadline to file objections to the Report and Recommendations was June 24, 2021. Petitioner states that he mailed his motion for an extension of time to file objections on June 17, 2021.

However, the envelope with Petitioner's motion for extension of time is postmarked July 14, 2021. The Court finds it difficult to believe that it would take nearly a month for Petitioner to deposit his filing with prison authorities and his filing to be postmarked, nor does Petitioner provide any reasonable explanation of this discrepancy.[2] *Houston v. Lack*, 487 U.S. 266 (1988). Moreover, Petitioner's motion for extension of time and Petitioner's motion for relief from judgment – which includes a certificate of service of July 12 and was filed after this Court's Decision & Entry – were sent to the Clerk's office <u>in the same envelope</u> and were received by the Clerk <u>on the same day</u>.

---

[2] In Petitioner's reply, he states that "this petitioner only knows he did in fact place the initial request for extension of time to file objections in the prison mailbox on [J]une 17, 2021." (Doc. 15 at 2). However, this does not provide a reasonable explanation why the two pleadings were presented to the Clerk in the same envelope.

2

(*Compare* Doc. 11 at 3 *with* Doc. 12 at 3).[3] Thus, any argument that Petitioner timely requested additional time to respond is not credible and there is no good cause for extending his deadline. Petitioner's motion for extension of time is denied.

Second, turning to Petitioner's motion for relief from judgment, the Court analyzes this motion under Federal Rule of Civil Procedure 60(b)(1). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citation omitted).

"Culpability is 'framed' by the specific language of the rule; *i.e.*, a party demonstrates a lack of culpability by demonstrating mistake, inadvertence, surprise, or excusable neglect." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citation omitted). When "'inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence.'" *B & D Partners v. Pastis*, No. 05–5954, 2006 WL 1307480, *3 (6th Cir. May 9, 2006) (citing 12 Moore's Federal Practice § 60.41[1][c][ii] (3d ed.2005)).

Here, even assuming Petitioner could demonstrate "mistake, inadvertence, surprise, or excusable neglect" – which the Court finds doubtful given the dates related to

---

[3] Respondent's counsel also received the two motions in the same envelope. (Doc. 14-1 at 5).

3

the motion for extension of time – his request for relief from judgment fails because he has not demonstrated a meritorious claim or defense.

"A claim or defense is 'meritorious,' if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams*, 346 F.3d at 614 (citation and quotation omitted). "The test of meritoriousness is not likelihood of success, but merely whether the claim or defense is good at law." *Id*. (citation omitted). "Ambiguous or disputed facts must be construed in the light most favorable to the defaulted party." *Id*. (citation omitted). "[The Court] must decide whether permitting the filing of [Petitioner]'s objections, which opens up the possibility of an appeal on the merits, creates 'some possibility' of a different outcome." *Id*.

Here, there is not "some possibility" of a different outcome. When responding to the petition, Respondent argued that the petition is time-barred, procedurally defaulted, and/or without merit. (Doc. 5). Petitioner had the opportunity to respond to all of Respondent's arguments in his reply. (Doc. 7). After considering the parties' arguments and upon review of the record, the Magistrate Judge recommended dismissing this habeas petition as time-barred, which recommendation this Court adopted. (Docs. 8, 9).

Petitioner's state court proceedings concluded on August 1, 2018 when the Ohio Supreme Court declined jurisdiction over the appeal, and Petitioner did not seek review by the Supreme Court of the United States. (Doc. 4, Ex. 23). Pursuant to 28 U.S.C. § 2244, Petitioner was to file his habeas action by October 31, 2019. (Doc. 8 at 5–6). Petitioner filed his petition on October 29, 2020, about a year after the limitations period expired. (Doc. 1). Petitioner's arguments to excuse his untimeliness, all presented when

4

responding to Respondent's memorandum, were the following: (1) COVID-19 prevented him access to the law library; (2) his state court appellate counsel failed to inform him of the deadline for filing a habeas corpus action or the ability for him to file such an action; and (3) his lack of legal training. (Doc. 7).

These arguments do not save the untimeliness of his petition, as the Magistrate Judge discussed and analyzed in detail. (Doc. 8 at 7–11). The Court already adopted that discussion and analysis in full and reincorporates that analysis here. (Doc. 9). The petition is time-barred. There is not "some possibility" of a different outcome.

Accordingly:

1. Petitioner's motions for extension of time (Doc. 11, 13) are **DENIED**;

2. Petitioner's motion for relief from judgment (Doc. 12) is **DENIED**; and

3. This case remains **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 8/24/2021           *s/Timothy S. Black*
                          Timothy S. Black
                          United States District Judge